**Dennis Ray SIMPSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–82–706.**

Court of Criminal Appeals of Oklahoma.

Nov. 21, 1983.

Rebecca L. Adams, Sand Springs, Carol J. Russo, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Alan B. Foster, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge:

The appellant, Dennis Ray Simpson, was convicted in Tulsa County District Court, Case No. CRF–81–4453, of Robbery by Fear and was sentenced to five (5) years' imprisonment from which he appeals.

Since this case must be reversed and remanded, we will address only the appellant's last assignment of error in which, by overruling his motion to quash, suppress and strike his purported in-custodial confession, the trial court committed reversible error.

Briefly stated, the facts are that the appellant was arrested late on the night of December 18, 1981, by Officers Arrington and Day of the Tulsa Police Department. Simpson, intoxicated at the time of his arrest and during interrogation, signed a Certificate of Notification of Rights and then refused to speak, testifying, "I told them that I wouldn't give them any statements, I would like to have my attorney present and, um, they go mad, threw me—didn't throw me, but said—told me to get out of the room and I went to the next room." (Tr. 37) Upon moving to another room, the appellant's uncontroverted testimony is that at that time, he phoned his attorney. Later, knowing that Simpson had invoked his right to have counsel present during custodial interrogation, the detectives again subjected him to interrogation, whereupon he signed another waiver and a confession was obtained.[1]

In *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), a similar

---

1. See Appendix.

fact situation as the present, the Supreme Court held that "an accused, ... having expressed his desire to deal with the police only through his counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communications, exchanges, or conversations with the police." The record before us reflects the appellant did, in fact, request an attorney, the interrogation ceased and then he was called back again without first receiving counsel.[2] In light of the foregoing, we REVERSE and REMAND for a new trial.

CORNISH and BRETT, JJ., concur.

## APPENDIX

Simpson's testimony regarding events following his first interrogation by detectives:

Q. Okay. Did anybody talk to you after that? (n. 2)

A. Yes, he did. It was—I don't know, a couple of hours, I don't know. I was about to go to sleep and they called me back in.

Q. Okay. Dennis, when they talked to you that time, the second and third times, did you ever tell anybody you wanted an attorney?

A. Yes, I did.

Q. What happened?

A. They told me that, um—not to—told me it was my last chance, that they were—it was my last chance to cooperate with them. And of course, I—you know, I was scared.

Q. Had you tried to get in touch with an attorney before that?

2. Corporal McSlarrow of the Tulsa Police Department testified as follows:

   Q. You never heard him mention that he wanted an attorney present, is that your testimony?

   A. That's my testimony, yes, ma'am.

   Q. At any time during your questioning of him, did he mention an attorney?

   A. Let me back up.

   Q. Yes, sir.

A. Yes.

Q. How did you do that?

A. One of the detectives let me call. (Tr. 37, 38)

\*    \*    \*    \*    \*    \*

Q. Okay. After you tried to call me, Dennis, did you then come back and talk with one of the detectives?

A. Yes, I did.

Q. Did you give him a statement implicating yourself at that time?

A. Yes. (Tr. 38)

A. Let me back up. Okay, I believe that at one point he did say that he wanted an attorney. I can't recall exactly.

   Q. Yes, sir.

   A. Okay, and I believe at that time I told him that if he, you know, this was all that there would be, only chance that he would have to give his side of the story.

   Q. Yes, sir.

   A. Okay. At this time, he withdrew even wanting to talk to an attorney at that time. (Tr. 22, 23)